**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4677**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

STEPHEN H. ROSENBERG,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:09-cr-00765-CMC-1)

———————

Submitted:  November 30, 2011      Decided:  December 15, 2011

———————

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua Snow Kendrick, JOSHUA SNOW KENDRICK, PC, Columbia, South
Carolina, for Appellant. Dean A. Eichelberger, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Stephen Rosenberg of one count of transmitting in interstate commerce a communication containing a threat, in violation of 18 U.S.C. § 875(c) (2006), and one count of attempting to influence an officer of the court by a threatening letter or communication, in violation of 18 U.S.C. § 1503(a) (2006). The district court sentenced Rosenberg to sixty-five months in prison, and Rosenberg timely appealed. Rosenberg's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court erred in limiting the scope of the questioning of United States District Judge Perry, a proposed trial witness, and whether the sentence was reasonable. Rosenberg filed a pro se supplemental brief reiterating the claim regarding Judge Perry's questioning and challenging the sufficiency of the evidence. The Government declined to file a responsive brief.

First, counsel and Rosenberg question whether the district court erred in limiting the scope of the questions Rosenberg could have asked Judge Perry if he had been called as a witness. This court reviews a district court's evidentiary rulings for abuse of discretion and will overturn an evidentiary ruling only if it is arbitrary and irrational. United States v.

2

Cole, 631 F.3d 146, 153 (4th Cir. 2011). A district court, in its discretion, may exercise reasonable control over the interrogation of witnesses and the presentation of evidence in order to allow the effective ascertainment of the truth, to avoid needless waste of time, and to protect a witness from harassment. Fed. R. Evid. 611(a). A district court's rulings as to the examination of a witness do not abridge a defendant's right to present a defense unless they are arbitrary or disproportionate to the purposes they are designed to serve. United States v. Scheffer, 523 U.S. 303, 308 (1998). After reviewing the record we conclude that the district court's decision to limit the scope of questions Rosenberg could ask Judge Perry was neither arbitrary nor irrational and, therefore, the district court did not abuse its discretion by imposing such a limitation. Further, Rosenberg's failure to call Judge Perry as a witness prevents us from assessing the impact of the trial court's ruling.

Counsel also questions whether the district court's chosen sentence of sixty-five months was reasonable. We review sentences for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). The first step in this review requires us to assess procedural reasonableness by ensuring that the district court

3

committed no significant procedural errors, such as improperly calculating the Guidelines range or failing to consider the 18 U.S.C. § 3553(a) (2006) factors. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within a properly-calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007). That presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). A thorough review of the record leads us to conclude that Rosenberg's sentence was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed Rosenberg's pro se claims and the record in this case and have found no meritorious issues for appeal. The district court did not err in permitting Rosenberg to represent himself, or in finding he was competent to stand trial. The evidence was sufficient to support the jury's verdict. We therefore affirm Rosenberg's conviction and sentence. This court requires that counsel inform Rosenberg, in writing, of the right to petition the Supreme Court of the United States for further review. If

4

Rosenberg requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rosenberg.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED